**SONCO STEEL TUBE DIV., FERRUM, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant,**

and

**Lone Star Steel Co., Defendant–Intervenor.**

**Court No. 86–07–00899.**

United States Court of International Trade.

Oct. 25, 1988.

Dow, Lohnes & Albertson, William Silverman, Carrie A. Simon and Ryan Trainer, Washington, D.C., for plaintiff.

John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Platte B. Moring, III, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

Dewey, Ballantine, Bushby, Palmer & Wood, Michael H. Stein, Washington, D.C., for defendant-intervenor.

## OPINION AND ORDER

RESTANI, Judge:

This matter is before the court on plaintiff's motion for an injunction of liquidation

pursuant to 19 U.S.C. § 1516a(c) (1982). The original Department of Commerce, International Trade Administration (ITA) antidumping determination which underlies this action is the same determination underlying *Ipsco, Inc. v. United States*, 12 CIT ——, 692 F.Supp. 1368 (1988) (*Ipsco*) in which the court granted an injunction of liquidation in similar, but not identical, circumstances.

The United States continues to adhere to its chief objection, that is, that this court has no jurisdiction to grant an injunction of liquidation in a suit challenging a final ITA determination.[1] That position was rejected in *Oki Electric Indus. Co. v. United States*, 11 CIT ——, 669 F.Supp. 480 (1987) (*Oki*) and in *Ipsco* and it is rejected here. The government summarizes its position as follows:

> [S]ince Congress has established separate reviews for different phases of an antidumping or countervailing duty proceeding, a challenge to a determination issued during one phase does not give rise to a course of action regarding another phase of the administrative proceeding.

Defendant's Supp. Brief at 4.

The position is untenable. As indicated in *Ipsco*, nothing in 19 U.S.C. § 1516a(c) limits the ability of litigants to obtain injunctive relief to annual review cases only. In fact, section 1516a(c)(2) specifically addresses both ITA and International Trade Commission (ITC) determinations, the effects of which pervade all aspects of unfair trade cases. Generally, without a valid affirmative ITC injury determination, annual reviews are not proper because any order imposing duties to offset unfair trade practices would be invalid. Similarly, if ITA does not make a valid affirmative determination, a party should not be subjected to any duties or annual reviews. It is impossible to totally separate the effects of an original determination from subsequent events, as defendant would wish. An annual review does not have independent existence, it requires a valid underlying order.[2] Furthermore, an injunction of liquidation in a case where there is no annual review cannot possibly be construed as "a course of action regarding another phase of the administrative proceeding." There is no other phase.

The government also contends that no injunction should issue because the language of section 1516a

> presupposes that the determination in question is one which by statute would result in liquidation unless this Court issues an injunction. Thus, Congress only intended section 1516a(c) to apply to those determinations enumerated in section 1516a(a) which would have as a consequence the liquidation of the entries covered by the particular determination. Since a final determination *only* sets an estimated duty deposit rate, and not an assessment or liquidation rate, section 1516a(c) does not grant this Court the authority to enjoin liquidation in a case challenging a final affirmative determination.

*Id.* at 5 (emphasis in original).

This position is also untenable. When Congress amended the law in 1984 to make annual reviews optional[3] it also authorized the government to promulgate regulations allowing for liquidation in accordance with the original determination. The regulation which purportedly accomplished this is 19 C.F.R. § 353.53a(d) (1987). It is liquidation in accordance with the original determination that is sought to be enjoined, not liquidation in accordance with a later proceed-

---

1. It is probably a mischaracterization to label these arguments "jurisdictional" in the traditional sense of that term. Rather, the parties are arguing about what specific actions the court may take in a particular case according to the statutory scheme and Congressional intent. No one has argued that this court lacks personal jurisdiction over the parties or that the court lacks subject matter jurisdiction over the underlying case.

2. That litigation may sometimes alter timetables and that liquidation may sometimes occur pending resolution of the validity of original determinations does not alter the fact that valid orders must underlie continuing proceedings.

3. *See* 19 U.S.C. § 1675 (1982 & Supp. IV 1986).

ing. Assuming, *arguendo*, that it was improper before 1984 to enjoin liquidation in connection with a challenge to an original ITA determination, it is not forbidden after 1984 in a case where no annual review determination will govern the liquidation of entries. *See Oki* and *Ipsco*.

Many of defendant's arguments against injunction purportedly demonstrate that the public interest of proper enforcement of the statutory scheme warrants denial of the injunction. Although it is very difficult to reconcile the various provisions of the antidumping law, particularly 19 U.S.C. § 1516a(c), with the 1984 amendment, the court must do so in order to interpret the statutory scheme properly, unless a legislative change occurs. Furthermore, ITA's regulation, 19 C.F.R. § 353.53a(d), must also be applied, unless it is in conflict with the statute. If properly interpreted, the regulation can be applied in a manner which is in harmony with the statute.

Analysis starts with the basic provision of 19 U.S.C. § 1516a(c)(1) which indicates that liquidation of entries made prior to publication of notice of a contrary court decision is to be in accordance with the *challenged* agency determination. The provision contains an exception to this rule —in the case of a court ordered injunction of liquidation, as is sought here. In the event of an injunction of liquidation by the court, liquidation is to be in accordance with the court's final decision for any unliquidated entries. 19 U.S.C. § 1516a(e). The 1984 amendment did not abolish the ability of a party to obtain the type of injunction referred to in section 1516a(c)(2), thus any regulation issued pursuant to the 1984 amendment cannot abolish a party's access to such injunctive relief.[4] The statutory scheme permits injunction of liquidation in whichever manner liquidation is to occur,

that is, as a result of a review or otherwise. Injunction, therefore, is not contrary to the regulation describing a procedure for liquidation.

It is important to discuss some fact patterns which are not at issue here, in order to comprehend the flaws in defendant's approach, as well as the anomalies created by the 1984 amendment. In presenting its case, defendant describes, inter alia, its view of the operation of the statutory scheme if no injunction is entered. Of particular note is the following statement:

> If the Court's decision with regard to the final determination is not issued prior to the completion of the requested administrative review (and there is no likelihood that the decision will result in the revocation of the order), the case challenging the final determination becomes moot. Since the final results of the administrative review govern liquidation, there no longer exists a "case or controversy" with respect to the estimated deposit rate established by the final determination. *See PPG v. United States*, 11 CIT [——], 660 F.Supp. 965 (1987).

Defendant's Supp. Brief at 8.[5]

This statement is interesting because it acknowledges that a case that may result in revocation is not mooted by a subsequent review, but it is difficult to comprehend why a "likelihood" of revocation as a result of the court's decision is the standard. Mootness involves the issue of whether a controversy exists. If a party claims he is entitled to "revocation," the controversy is not mooted; it must be finally resolved. Even accepting much of defendant's argument, it seems clear that a case such as Sonco's, which seeks among other things total elimination from the antidumping duty order, would not be mooted by a subsequent annual review determina-

---

**4.** When the court obtained full equity powers in 1980, it was no longer necessary to provide for the standards for injunctive relief in section 1516a(c) and the provision was appropriately amended. Ordinary federal principles were to apply. *See* 28 U.S.C. § 1585 (1982) and Pub.L. 96–417, title VI § 608(c), 94 Stat. 1727, 1746 (1980).

**5.** Although cases involving only rates, not validity, may be mooted in this manner, it is not a situation to be desired. The Congressional scheme provides for litigation of all issues related to validity and rates via challenge to original determinations. Termination of such litigation because of mootness often results in the waste of considerable effort by the parties and the court.

tion finding some margin or by the setting of a margin based on the final determination. Apparently, there is agreement that where requested annual reviews have not been completed before a court decision finding an affirmative antidumping determination invalid there is no basis for liquidation with antidumping duties. Therefore, a court order totally invalidating an ITA original determination, which order occurs in the midst of an annual review, will result in the suspended entries being liquidated with no antidumping duties, even without an injunction and even though they were entered prior to the court's decision.

In this case, *Sonco* filed no administrative review. It sought exclusion from the order (or "revocation" as to itself) and whatever lesser relief it could obtain by means of a challenge to ITA's original determination. As a result of the 1984 amendment and ITA's regulation, suspension has been terminated and liquidation will occur immediately unless injunction is issued under 19 U.S.C. § 1516a(c)(2). It is injunction of such liquidation which Sonco seeks, and it is injunction which will preserve the *status quo,* just as administrative suspension does upon request for an annual review.

The court is very concerned that the *status quo* be preserved pending resolution of this matter.[6] This was an important concern of the Court of Appeals in *Zenith Radio Corp. v. United States,* 710 F.2d 806 (Fed.Cir.1983), where it reversed an order of this court denying an injunction of liquidation in the context of an annual review case.

Injunctions under 19 U.S.C. § 1516a(c) do more than preserve the *status quo* simply to allow harm to occur when litigation is complete. They preserve the *status quo* for the purpose of assuring that duties are assessed in accordance with law as it is finally determined to be. Had the 1984 amendments not occurred, liquidation as to each year's entries would be automatically suspended until completion of the relevant annual review. Given the time necessary to complete reviews, the parties often had several years to resolve disputes about ITC and ITA affirmative original determinations before liquidation of any entries was ordered. With the 1984 amendment, liquidation may begin on the first anniversary of an antidumping order if no review is requested.[7] Over the years, litigation in antidumping and countervailing duty cases has become more complicated as the parties' sophistication in the area has grown. The agency has become more burdened, so that remands are often necessary and are difficult to complete quickly. Litigation before this court appears to be more complicated than Congress expected. The court does not believe that Congress intended the 1984 amendment to prejudice importers in challenging and seeking relief with regard to original determinations merely because litigation concerning original determinations may take more than one year to resolve. What Congress intended by the 1984 amendment was to lighten ITA's burdens, not to change the basic thrust of the protections afforded both domestic and importing interests.

Furthermore, the court finds no evidence anywhere in the legislative history that a party such as *Sonco* must give up its right to seek the full benefits of exclusion by challenge to an original determination unless it asks ITA to review margins under the annual review provisions. The prior discussion indicates that this is not the statutory scheme. As Sonco has the right to seek exclusion in this action, it also has the right to seek injunctive relief so as to

---

**6.** In the circumstances of this case, previous directions by ITA to Customs to liquidate entries do not define the *status quo.* Prevention of irreversible liquidation is the essence of preservation of the *status quo* where the agency is likely to liquidate entries erroneously without the injunction.

**7.** It seems that the injunction of liquidation provisions of section 1516a(c) were intended to be most useful to the domestic industry because a negative finding would result in immediate liquidation at no duties. As to importers and producers, automatic suspension of liquidation under the statute often provided adequate relief. *See also Algoma Steel Corp. v. United States,* 12 CIT ——, ————, 696 F.Supp. 656, 659–660 (1988).

preserve remedies as to past entries. Whether it is granted relief depends only on the ordinary standards for injunctive relief, to be discussed, *infra*.

Defendant has made clear its view that even persons challenging ITC's determination should file annual reviews to obtain the benefits of suspension and injunctions. *See Algoma Steel Corp. v. United States,* 12 CIT at ——, 696 F.Supp. at 659 (1988) (casting doubt on defendant's position.) As defendant states in its supplemental brief:

> In those infrequent situations when a party only disputes an injury determination by the International Trade Commission, it may appear that the Department's position forces parties to request "sham" reviews. However, as discussed in this note, no review is a sham since it will ultimately determine the actual rate at which merchandise is being dumped in the United States and may itself result in the revocation of the order. *See* 19 C.F.R. § 353.54.

Defendant's Supp. Brief at 10 n. 4.

If there is a good reason for defendant's view, this is not such a reason. If the 1984 amendment sought to accomplish anything it certainly was the avoidance of annual reviews where no one disputes margins. Similarly, Sonco's challenge to the ITA determination which apparently goes to the very existence of the order as to Sonco, as well as to rates, is not a challenge which must or should be made in an annual review.[8] In this situation the public interest of enforcement of the antidumping laws in accordance with the statutory scheme is served by injunction of liquidation.[9]

Having determined that 19 U.S.C. § 1516a(c) permits injunction of liquidation in a case such as this, where plaintiff challenges the original determination and the original determination will result in liquidation if injunction is not granted and, indeed, that injunction will ultimately avoid waste of administrative and judicial resources, the court will consider the remaining grounds for injunctive relief.

First, the question of likelihood of success on the merits has already been resolved in Sonco's favor to some degree. *See Sonco Steel Tube Div., Ferrum, Inc. v. United States,* 12 CIT ——, 694 F.Supp. 959 (1988). The court is unaware as to whether this decision ordering remand will result in a lower margin or no margin. In any case, the court found significant errors in the underlying determination.

Second, as to balance of hardships, Sonco has made deposits of duties at the rates ordered by defendant for the last two review periods. Thus, defendant is fully secured. Neither defendant nor defendant-intervenor argue that they will be harmed by an injunction of liquidation. As will be discussed further, without an injunction plaintiff's past entries will be liquidated with an assessment for additional duties that is likely to be erroneous. Plaintiff would have no avenue for relief if entries subject to immediate liquidation were actually liquidated. Plaintiff is not permitted to protest the liquidation in order to challenge ITA's determination. *See Ipsco,* 12 CIT at ——, 692 F.Supp. at 1370.

---

**8.** The court does not suggest that the rates versus validity distinction should be determinative. In this case, one does not have to reach the issue presented by cases where the parties accept the order, but reject the rate. In any case there are great difficulties with such a distinction. Congress did not indicate in section 1516a(c) that injunctive relief should be limited in this way, and the factual basis underlying such a distinction often is not clear at the time injunctive relief is sought, as the recalculations which challenges sometimes cause often have domino effects. Perhaps defendant would assert that Sonco should argue about validity here and argue about rates in a new proceeding challenging an annual review. The court sees no basis in the statute for forcing parties to split their

claims in such a manner. *See supra* note 5. As indicated, the court doubts that Congress foresaw the overlapping timetables for original determination and annual review litigation that has caused numerous procedural problems.

**9.** Defendant's argument that injunction will permit duties to be imposed based on entries which bear no relation to the entries examined in the original determination has no relevance. The 1984 amendment permits this to occur by making annual reviews of entries non-mandatory. The original rate set by ITA, either on its own or after judicial review, will apply until someone seeks annual review.

**932**

Third, as to the likelihood of irreparable harm absent an injunction, plaintiff's entries may be liquidated with finality without an injunction. This would result in plaintiff irretrievably losing several hundred thousand dollars in duties. Defendant argues that this is what Congress intended, that is, even if the court has jurisdiction, Congress intended plaintiffs such as Sonco[10] to lose duties which it might not owe unless it can show that the economic loss which will be suffered will reek some grave financial havoc on the movant. Where balance of hardships tips so decidedly in plaintiff's favor, the court believes plaintiff need not establish such a severe loss, but rather that an irretrievable substantial loss of funds will suffice. *See National Juice Products Ass'n. v. United States*, 10 CIT ——, 628 F.Supp. 978, 984–87 (1986) and *American Customs Brokers Co. v. U.S. Customs Service*, 10 CIT ——, 637 F.Supp. 218, 220–21 (1986) (both finding lack of ability to obtain legal relief for economic harm suffered may constitute irreparable harm).

Automatic liquidation in the midst of this complex litigation threatens the purpose of the litigation and is contrary to Congress' intent of having duties imposed according to law.[11] Given Sonco's status as producer and importer with substantial duties at risk, its likelihood of success in challenging the original determination and the lack of demonstration of hardship to defendants, injunction is granted.

---

**10.** Sonco allegedly is both importer and producer.

**11.** That the litigation may have prospective effect absent an injunction is not a reason to deny relief where serious harm as to past entries will occur. Defendant believes too much concern for irreversible liquidation of entries will make injunctions "automatic." Assuming *arguendo* that the 1984 amendment leads to "automatic" injunctions after the time for filing of annual review requests elapses with no requests being made, this is simply the result of the statutory amendment which does not fit very well with some of the details of the pre-existing statutory scheme. Virtually automatic injunctions in annual review determination cases have not been found to conflict with the statutory scheme. That injunctions might become "automatic" under one more fact pattern also would not seem to create a conflict with the statute.