**HOLMES PRODUCTS CORP.
and Esteem Industries,
Ltd., Plaintiffs,**

v.

**The UNITED STATES, Defendant,**

and

**Lasko Metal Products, Inc.,
Intervenor-applicant.**

**Court No. 91–12–00906.**

United States Court of
International Trade.

May 12, 1993.

Dickstein, Shapiro & Morin, Arthur J. Lafave, III and Douglas N. Jacobson, Washington, DC, for plaintiffs.

Stuart E. Schiffer, Acting Asst. Atty. Gen., David M. Cohen, Director, U.S. Dept. of Justice, Civ. Div., Commercial Litigation Branch, Jeffrey M. Telep, Alicia Greenidge, Atty.–Advisor, U.S. Dept. of Commerce, Office of the Deputy Chief Counsel for Import Admin., of counsel, Washington, DC, for defendant.

McKenna & Cuneo, Peter Buck Feller and Lawrence J. Bogard, Washington, DC, for intervenor-applicant.

## OPINION

RESTANI, Judge:

■ This matter is before the court on a motion for injunction, pursuant to 19 U.S.C. § 1516a(c)(2) (1988), of liquidations of entries

subject to antidumping duties.[1] Judgment has previously been entered for the plaintiffs and has become final for purposes of publication of notice of the court's decision, in accordance with 19 U.S.C. § 1516a(e)[2] and *Timken Co. v. United States*, 8 Fed.Cir.(T) ——, ——, 893 F.2d 337, 340 (1990). As a preliminary matter, the court notes it always has jurisdiction with respect to the effect of its judgments, contrary to defendant's assertion that publication of the Federal Register notice pursuant to 19 U.S.C. § 1516a(e) cuts off jurisdiction. There is no support for defendant's argument. The issues to be resolved are whether two of the four traditional factors for granting injunctive relief are met. Likelihood of success on the merits is no longer an issue, and defendant does not oppose the injunction on the grounds of lack of irreparable harm. The only remaining factors to be considered are the balance of hardships and the public interest.

As indicated, plaintiffs were successful on the merits of this action. *Holmes Products Corp. v. United States*, 16 CIT ——, 795 F.Supp. 1205 (1992). On remand, after double counting was eliminated, a *de minimis* antidumping margin resulted. The remand determination was affirmed in *Holmes Products Corp. v. United States*, Slip Op. 92–203, 1992 WL 350262 (Nov. 12, 1992) and no appeal was taken. Notice of the final determination and resulting revocation of the antidumping order was published in the Federal Register. *Oscillating and Ceiling Fans from the People's Republic of China*, 58 Fed. Reg. 6,474 (Dep't Comm.1993) (notice of court decision and revoc. of antidumping duty order on oscillating fans). The published notice made clear that Commerce would not give retroactive effect to the determination because an injunction under 19 U.S.C. § 1516a(c)(2) had not been issued, and therefore the first administrative review would continue with the possibility of imposition of duties. Plaintiffs then moved for an injunction to give retroactive effect to the court's judgment. Plaintiffs' reason for not acting sooner was its assumption that the revocation of the antidumping order would apply retroactively, without the necessity of an injunction, based on the position taken by Commerce in *Sonco Steel Tube Div. v. United States*, 12 CIT 990, 698 F.Supp. 927 (1988).

The government's position in *Sonco* was that an injunction is not needed to give full retroactive effect to a court order which totally negates an affirmative dumping finding, if the first administrative review of the antidumping order is not complete. *Id.* at 993, 698 F.Supp. at 929–30.[3] At the time of the injunction it was unclear whether *Sonco*'s duty rate would be changed or whether it would be excluded from the order. Therefore, the court was not required to address directly defendant's stated position. *Id.* at 995, 698 F.Supp. at 931. Nonetheless, defendant was well aware that the court considered and restated defendant's position as to revocation prior to administrative reviews in the published opinion in *Sonco*. Defendant did not advise the court at that time that defendant's position was incorrect. Defen-

---

1. As judgment has been entered, a permanent rather than a preliminary injunction is sought.

2. 19 U.S.C. § 1516a(e) reads as follows:

(e) **Liquidation in accordance with final decision**

If the cause of action is sustained in whole or in part by a decision of the United States Court of International Trade or of the United States Court of Appeals for the Federal Circuit—

(1) entries of merchandise of the character covered by the published determination of the Secretary, the administering authority, or the Commission, which is entered, or withdrawn from warehouse, for consumption after the date of publication in the Federal Register by the Secretary or the administering authority of a notice of the court decision, and

(2) entries, the liquidation of which was enjoined under subsection (c)(2) of this section, shall be liquidated in accordance with the final court decision in the action. Such notice of the court decision shall be published within ten days from the date of the issuance of the court decision.

19 U.S.C. § 1516a(e) (1988).

3. Plaintiffs cite other administrative determinations in support of the view that this is a long-standing Commerce Department practice. Those determinations are inconclusive as they do not indicate whether or not injunctions were issued. *See, e.g., Pads for Woodwind Instrument Keys from Italy*, 51 Fed.Reg. 40,239, 40,239–40 (Dep't Comm.1986) (partial revoc. of antidumping duty order).

dant asserts now, however, that this was never Commerce's position. As defendant's attorneys in this action were not involved in *Sonco,* and the court has no reason to believe defendant misstated its true position at the time of the *Sonco* decision, the court assumes that at some time thereafter Commerce realized that the position taken in *Sonco* resulted in a conflict with the statute. In fact, plaintiffs here do not disagree that § 1516a(e) requires an injunction in order to give full retroactive effect to a court order negating a dumping finding.

In assessing both the balance of hardships and the public interest, the court must consider the effects of a request for an injunction at this point in the proceedings and whether plaintiffs should bear the full brunt of the timing problem. For their part, plaintiffs assert that they should not be penalized because of defendant's change in position. Plaintiffs state they were in doubt as to what Commerce would do, but this indicates that the published notice was not a surprise, and plaintiffs could have sought clarification earlier.

■ Furthermore, the fact that suspension by operation of law was in effect does not entirely excuse the delay in filing the motion.[4] Suspension resulted from the affirmative dumping finding and the fact that the time for requesting the first administrative review had not expired at the time of the judgment. *See* 19 U.S.C. § 1673d(c)(4) (1988). In actuality, plaintiffs do not rely on the fact of suspension inasmuch as they ask the court to terminate suspension and order immediate liquidation. Defendant, on the other hand, asserts that timing is everything and it would have assented to an injunction had it been sought prior to judgment in this court.[5] In fact, an injunction after judgment, but prior to publication of notice of a final court decision in the Federal Register, has been granted in a case unrelated to the present action. *See Asociación Colombiana de Exportadores v. United States ("Asocolflores"),* 13 CIT 858, 724 F.Supp. 969 (1989), *aff'd,* 8 Fed.Cir.(T) ——, 916 F.2d 1571 (1990). The court notes, however, the unsettled state of the law at the time of *Asocolflores.* The issuance of an injunction prior to judgment is preferred based on general principles of judicial economy and finality. Furthermore, as a practical matter, one cannot always count on an appeal to stave off finality for purposes of publication, as occurred in *Asocolflores. See* 13 CIT at 861 & n. 3, 724 F.Supp. at 971 & n. 3. Nonetheless, even though plaintiffs did not act as soon as they should have, there are mitigating circumstances stemming from prior case law. Given the circumstances, the delay will be taken into account under the traditional injunction analysis and is not a complete bar to relief.

■ As indicated, in deciding whether to grant the injunction, the court must weigh the prejudices and benefits to each of the parties resulting from issuance of the injunction. Plaintiffs would certainly gain the full benefit of their victory on the merits. They would avoid the first administrative review, a not inconsiderable burden, as well as duties on the goods already entered.[6] No other party would benefit from the injunction. In addition, there is a certain incongruity in imposing duties based on a revoked order. The parties agree, however, that the statute permits this result in the absence of an injunction.

■ The court notes that Lasko Metal Products, Inc., a member of the corresponding domestic industry and the plaintiff in a

---

4. If, in the past and in other circumstances, the court has denied a § 1516a(c) injunction on the ground that suspension was in effect, it was most likely at a time when the law was quite unsettled. It is clear at this time that a § 1516a(c) injunction is necessary to give retroactive effect to a court order.

5. In other words, its position in *Sonco* was practical and equitable, though mechanically flawed.

6. Apparently, some of the importers owing duties are related parties. At least one importer is a

plaintiff. Even if no injunction is granted, reviews of merchandise entered after the notice of prospective revocation would not take place unless appeal of a related case brought by the domestic-industry petitioner resulted in reversal of the revocation at issue. There is such an appeal now pending. *See Lasko Metal Products, Inc. v. United States,* 16 CIT ——, 810 F.Supp. 314 (1992), *appeal docketed,* No. 93–1242 (Fed. Cir. March 3, 1993).

related action, *see supra* n. 4, attempted to intervene in this action immediately prior to oral argument on the motion for an injunction. The court took Lasko's motion under advisement and now hereby denies it. Lasko was well aware of the issues in this case and also of the fact that an injunction could be sought at any time. Its attempt to intervene was untimely. The court did permit Lasko to argue as *amicus curiae* on the issue of harm to the domestic industry. As only duties on entries for the period covered by the first administrative review are affected by plaintiffs' motion, the court is not convinced that Lasko or any domestic party would suffer harm if plaintiffs avoided the first review and certain importers avoided paying duties resulting therefrom.

There is some detriment, however, to the granting of the injunction. First, it would likely result in the need for a new published notice, which is of some inconvenience to defendant, but of greater concern is the disruption to the scheme for publication of *final* court decisions. Second, a question would be raised as to whether publication of the decision would reactivate the domestic parties' rights to challenge the remand determination. *See Freeport Minerals Co. v. United States*, 3 Fed.Cir.(T) 114, 119–20, 758 F.2d 629, 633–34 (1985) (ITA notice partially revoking antidumping finding is "determination" from which review may be sought). It is possible that any such rights, which now have been cut off, cannot be reactivated simply by making the court's decision retroactive. As this issue has not been briefed, the court declines to decide it, but notes that granting an injunction under these circumstances may result in further litigation and some disruption. This potential, however, does not outweigh the hardship to plaintiffs that would be caused by failure to grant the injunction, particularly in a situation where plaintiff is not entirely responsible for the delay.

The final factor to be considered is the public interest. The discussion applicable to the balance of hardships applies with equal force here. Although the court is concerned

about the potential for disruption, there is a significant interest in avoiding continuation of cumbersome administrative proceedings and imposition of duties based on a revoked order. In the future, parties should be aware of the need to seek injunctions prior to judgment, so that disruption will be avoided.

▮ In addition to an injunction giving retroactive effect to the judgment at issue, plaintiffs seek an order of immediate liquidation. Defendant also opposes this aspect of the motion, citing *Timken*, 8 Fed.Cir. (T) at ——, 893 F.2d at 339. It does not appear to the court that *Timken* expressly bars liquidation, as there is likely a "final court decision" within the meaning of 19 U.S.C. § 1516a(e) (providing for liquidation in accordance with a final court decision). Had the court consolidated both challenges to the antidumping order, however, liquidation would not be appropriate because there would be no "final court decision." *See Timken*, 8 Fed.Cir. (T) at ——, 893 F.2d at 339–40.[7] The court hesitates to take irrevocable action based on a procedural posture caused by the decision not to consolidate. That decision was based on certain parties' desires to move the challenges forward pursuant to different time schedules. The strange turn of events was not anticipated. Furthermore, this issue was not briefed in any detail but was raised at oral argument. The prudent course would appear to be to deny this aspect of the injunction request and to allow the parties to discuss appropriate procedures. If Commerce determines that immediate liquidation is not the proper course and plaintiffs believe they have a statutory right to immediate liquidation, or that liquidation is within the court's discretion and the four-part test is satisfied, they may move for this particular relief.

As there was no objection to the scope of plaintiff's injunction order form, the court will utilize that form, except to indicate liquidation need not be immediate.

---

7. The related challenge to the order, *Lasko*, 16 CIT at ——, 810 F.Supp. at 314, is now on appeal. *See supra* n. 4. *Timken* provides that a decision which has been appealed from this court is not a "final court decision." 8 Fed.Cir. (T) at ——, 893 F.2d at 339.