Slip Op. 14-119

UNITED STATES COURT OF INTERNATIONAL TRADE

<table>
<tr><td>

NAVNEET PUBLICATIONS (INDIA) LTD., MARISA INTERNATIONAL, SUPER IMPEX, PIONEER STATIONARY PVT. LTD., SGM PAPER PRODUCTS, LODHA OFFSET LIMITED, and MAGIC INTERNATIONAL PVT. LTD.,

Plaintiffs,

v.

UNITED STATES,

Defendant,

and

ASSOCIATION OF AMERICAN SCHOOL PAPER SUPPLIERS,

Defendant-Intervenor.

</td>
<td>

Before: Richard W. Goldberg, Senior Judge
Court No. 13-00204

</td></tr>
</table>

## OPINION

[Granting plaintiff's motion for a preliminary injunction.]

Dated: October 6, 2014

*Neil R. Ellis*, *Richard L.A. Weiner*, and *Rajib Pal*, Sidley Austin LLP, of Washington, DC, for plaintiffs.

*Antonia R. Soares*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant. With her on the brief were *Stuart F. Delery*, Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Patricia M. McCarthy*, Assistant Director. Of counsel on the brief was *Elika Eftekhari*, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

*Timothy C. Brightbill*, *Maureen E. Thorson*, and *Tessa V. Capeloto*, Wiley Rein LLP, of Washington, DC, for defendant-intervenor.

Goldberg, Senior Judge:  The court considers a motion by plaintiff Navneet Publications (India) Ltd. ("Navneet"), for a preliminary injunction under USCIT Rule 65.  During the fifth administrative review of an antidumping order on lined paper products from India, the Department of Commerce assigned Navneet an *ad valorem* antidumping rate of 11.01 percent. *See Certain Lined Paper Products from India*, 78 Fed. Reg. 22,232, 22,234 (Dep't Commerce Apr. 15, 2013) (final admin. review) ("*Final Results*").  Navneet now seeks to prevent entries from a later review period from being liquidated at this 11.01 percent rate.  Defendant the United States ("the Government") rejoins that the court lacks jurisdiction to issue an injunction.

The court grants the motion over the Government's objections.  The court first holds that it has jurisdiction to enjoin the liquidation of entries at the 11.01 percent rate, even though those entries were made during a subsequent review period.  The court also finds that Navneet meets the traditional requirements to secure a preliminary injunction, as discussed below.

## BACKGROUND

In 2006, the Department of Commerce ("Commerce") issued an antidumping order on certain lined paper products ("CLPP") from India.  *Certain Lined Paper Products from India*, 71 Fed. Reg. 56,949 (Dep't Commerce Sept. 28, 2006) (notice of antidumping duty order).  The agency launched the fifth administrative review of this order in October 2011.  *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 76 Fed. Reg. 67,133, 67,134 (Dep't Commerce Oct. 31, 2011).  During the proceeding, Commerce assigned Navneet, a cooperative respondent not selected for individual review, an 11.01 percent antidumping rate, or "all-others" rate.  *Final Results* at 22,233−34.  This all-others rate would serve as the rate of liquidation—or the final antidumping duty imposed—for each entry of Navneet's CLPP imported during the fifth review period (September 1, 2010 to August 31, 2011).  *Id.* at 22,232.

The rate also became the amount importers paid in deposits for Navneet's CLPP that entered, or was withdrawn from warehouse, after the *Final Results* were published. *Id.* at 22,234; *see also* 19 U.S.C. § 1675(a)(2)(C). The *Final Results* were published on April 15, 2013.

Navneet appealed the *Final Results* a month later. *See* Summons, ECF No. 1 (May 15, 2013). The Court of International Trade took jurisdiction under 28 U.S.C. § 1581(c), which gives the court exclusive authority to review final determinations from antidumping investigations and reviews. *See Navneet Publ'ns (India) Ltd. v. United States*, 38 CIT __, __, 999 F. Supp. 2d 1354, 1357 (2014). Thus empowered, the court held that the all-others rate from the fifth review was not based in substantial evidence. *Id.* at __, 999 F. Supp. 2d at 1366. The *Final Results* were remanded so Commerce could revise the rate to comply with the court's opinion and order. *Id.*

As the parties litigated the *Final Results* of the fifth review, Commerce initiated its sixth review of the CLPP order. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 77 Fed. Reg. 65,858, 65,859 (Dep't Commerce Oct. 31, 2012). Commerce completed the sixth review on May 7, 2014, and assigned Navneet a 0.25 percent rate for entries of CLPP from the sixth review period (September 1, 2011, and August 31, 2012). *Certain Lined Paper Products from India*, 79 Fed. Reg. 26,205, 26,206 (Dep't Commerce May 7, 2014) (final admin. review).

Later, but still during the fifth-review litigation, Navneet and the Association of American School Paper Suppliers ("AASPS") requested a seventh review of Navneet's CLPP imports. *See* Appl. for Prelim. Inj. at Ex. 1, ECF No. 57 ("Pl.'s App."). Commerce duly initiated the review, which would have calculated duties for CLPP entered between September 1,

2012, and August 31, 2013. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 78 Fed. Reg. 67,104, 67,105 (Dep't Commerce Nov. 8, 2013).

In December 2013, however, both Navneet and AASPS withdrew their requests for review. Pl.'s App. at Ex. 2. This set off a legal chain reaction that culminated in Navneet's motion for a preliminary injunction. First, because both Navneet and AASPS withdrew their review requests within 90 days of initiation, Commerce had to rescind the review with respect to Navneet. *See* § 19 C.F.R. § 351.213(d)(1). The agency issued its notice of rescission on September 30, 2014. *See* Notice of Recent Development at Ex. A, ECF No. 60 ("Rescission Notice"); 19 C.F.R. § 351.213(d)(4). Second, now that the review is rescinded, Commerce must instruct Customs and Border Protection ("CBP") to liquidate Navneet's seventh-review-period entries at the cash deposit rate in effect at the time those entries were made. *See* 19 C.F.R. § 351.212(c); *see also* 19 U.S.C. § 1516a(c)(1) (requiring liquidation, absent an injunction, in accordance with agency determination). The cash deposit rate in effect during the latter part of the seventh review period—or April 15 to August 31, 2013—was the invalidated all-others rate issued in the fifth-review *Final Results*.

To avoid having its seventh-review-period entries liquidated at the invalid fifth-review rate, Navneet applied for a preliminary injunction. *See* 19 U.S.C. § 1516a(c)(2) (allowing court to enjoin liquidation of entries covered by agency decision). Plaintiff would limit relief to entries made between April 15 and August 31, 2013 (the "contested entries"), and claims the entries should be liquidated at a revised rate after the fifth-review litigation has ended. Pl.'s App. at Ex. 2 (proposed order); *see also* 19 U.S.C. § 1516a(e) (requiring liquidation in accordance with final court decision of entries enjoined under § 1516a(c)(2)). Absent an injunction, the contested

entries will be liquidated at an unlawful rate with no chance for reliquidation to correct the error.

Pl.'s App. at 6−7.

## **DISCUSSION**

The court agrees with Navneet.  As a threshold matter, the court holds that it has

jurisdiction to enjoin liquidation of the contested entries at the invalid fifth-review rate.  Navneet

also satisfies all the criteria to secure a preliminary injunction.  The court thus grants the relief

Navneet has requested.

**I.      The Court Has Jurisdiction to Enjoin Liquidation of the Contested Entries at the Invalid Fifth-Review Rate**

The court first holds that it has jurisdiction to enjoin the liquidation of the contested

entries at the invalid fifth-review rate, even though those entries occurred during the seventh

review period.  The court remanded the fifth-review rate under its jurisdictional grant in 28

U.S.C. § 1581(c), and the court retains this jurisdiction to ensure compliance with its rulings.

*See Holmes Prods. Corp. v. United States*, 17 CIT 356, 356, 822 F. Supp. 754, 756 (1993).

To illustrate why this is so, the court traces the jurisdictional chain of authority from its

first link at 28 U.S.C. § 1581(c).  As mentioned before, § 1581(c) gives the Court of International

Trade "exclusive jurisdiction of any civil action commenced under section 516A of the Tariff

Act of 1930."  Section 516A of the Act, codified as amended at 19 U.S.C. § 1516a, permits

review of final determinations by Commerce and the International Trade Commission, including

decisions under 19 U.S.C. § 1675.  *See* 19 U.S.C. § 1516a(a)(2)(B)(iii).  And § 1675 governs

Commerce's conduct of administrative reviews.  Navneet invoked the court's authority under

these provisions in its complaint, s*ee* Complaint 1, ECF No. 8, and by this power, the court held

the fifth-review all-others rate was unsubstantiated in evidence, *Navneet*, 38 CIT at __, 999 F.

Supp. 2d at 1357, 1366.

By the same authority, the court may enjoin liquidation of the contested entries at the invalid fifth-review rate. 19 U.S.C. § 1516a(c)(2) provides:

> In the case of a determination described in paragraph (2) of subsection (a) of this section [which includes the results of administrative reviews] by the Secretary, [Commerce], or the Commission, the United States Court of International Trade may enjoin the liquidation of some or all entries of merchandise covered by a determination of the Secretary, [Commerce], or the Commission, upon a request by an interested party for such relief and a proper showing that the requested relief should be granted under the circumstances.

To paraphrase, if the court has jurisdiction over the final results of a review, then it may enjoin liquidation of entries "covered" by those results, as long as the applicant shows proper grounds for relief. To complete the chain of authority, then, the court must decide whether Navneet's contested entries are covered by a determination from the fifth review, or by some other determination.

The court holds that the contested entries are covered by the all-others rate from the fifth review. At the outset, the court notes the broad sweep of the word "covered" in § 1516a(c)(2). As defined in a common dictionary, the verb "cover" means "to have sufficient scope to include or take into account." Merriam-Webster's Collegiate Dictionary 268 (10th ed. 1993). This implies that an administrative decision "covers" an entry if it brings that entry within its scope or has binding legal effect on the entry. *See Asociacion Colombiana de Exportadores de Flores v. United States*, 916 F.2d 1571, 1577 (1990) (holding deposit rate from investigation "covered" entries from first administrative review).

In this light, the all-others rate from the fifth review certainly "covers" the entries at issue. Although the contested entries were made during the seventh review period, the deposit rate from the fifth review will become the entries' final antidumping rate at liquidation. As explained before, the fifth-review all-others rate served as Navneet's cash deposit rate for entries

after April 15, 2013. *See Final Results* at 22,234. Navneet paid deposits at this rate during the latter part of the seventh review period, or April 15 to August 31, 2013. Then, when Navneet and AASPS requested a seventh review, it appeared Commerce would calculate a new, retrospective rate for Navneet's entries between September 1, 2012, and August 31, 2013. *See* Pl.'s App. at Ex. 1. But now it is clear this will never happen. Because Navneet and AASPS withdrew their requests for review, Commerce rescinded the seventh review with respect to Navneet's entries. *See* Rescission Notice; 19 C.F.R § 351.213(d)(1). And because the seventh review will not yield a new antidumping rate for Navneet's goods, the cash deposit rate from the fifth review will be the contested entries' final rate at liquidation. *See* 19 C.F.R. § 351.212(c). The only final agency determination that could possibly "cover" the contested entries, then, is the fifth-review all-others rate. *See* 19 U.S.C. § 1516a(c)(2). The entries are not covered by a seventh-review determination, because there is no such determination to speak of.

In sum, because a fifth-review determination covers the contested entries, the court may enjoin liquidation of those entries at the invalid fifth-review rate. *See id.* The entries may be liquidated later—most likely at a fifth-review rate revised on remand, or perhaps at the 11.01 percent rate if the Government appeals and the Federal Circuit sustains the *Final Results*. *See id.* § 1516a(e) (requiring liquidation "in accordance with the final court decision").

The Government counters that the court may never enjoin, in an action regarding the fifth review, the liquidation of goods entered during the seventh review period. *See* Def.'s Resp. in Opp'n to Pl.'s Mot. for Prelim. Inj. 9−10, ECF No. 59 ("Gov't Resp."). If it wished to avert liquidation of the contested entries at the invalid fifth-review rate, then Navneet should have taken part in the seventh review and secured a new rate for its seventh-review-period entries. *See id.* at 8−9. And AASPS adds, as a corollary, that Navneet "accepted the correctness of the

11.01 percent rate as a *liquidation* rate for seventh review entries" by withdrawing from the review.  AASPS Opp. to Pl.'s Mot. for Prelim. Inj. 5, ECF No. 58 ("AASPS Resp.").

These arguments misconstrue the law.  As discussed above, the court can enjoin the liquidation of entries covered by a prior review's deposit rate, even if those entries occurred during a period subject to a rescinded review.  *Asociacion Colombiana de Exportadores de Flores*, 916 F.2d 1571, illustrates the point in the context of an investigation and an ensuing review.  In *Asociacion*, plaintiff successfully challenged a 4.4 percent antidumping rate from an investigation; after remand, the court sustained a revised 3.1 percent rate in a final judgment.  *Id.* at 1574.  As litigation progressed, however, Commerce began its first review of the underlying antidumping order, and plaintiff did not take part in the review.  *Id.*  Fearing liquidation of its entries from the first review period at the invalid 4.4 percent rate, plaintiff secured a permanent injunction from the Court of International Trade.  *Id.*  The Federal Circuit affirmed, reasoning that § 1516a(c)(2) allowed the court to enjoin liquidation of first-review-period entries at the unsound rate from the investigation.  *Id.* at 1577; *see also Jilin Henghe Pharm. Co. v. United States*, 28 CIT 969, 980, 342 F. Supp. 2d 1301, 1312 (2004) (granting declaratory relief against liquidation at deposit rate held invalid in final judgment); *Laclede Steel Co. v. United States*, 20 CIT 712, 718, 928 F. Supp. 1182, 1188 (1996) (granting permanent injunction against liquidation at deposit rate held invalid in final judgment).

The lesson of *Asociacion* applies here with equal force.  Like the plaintiff in *Asociacion*, Navneet forsook review of certain contested entries, yet invalidated, in court, the deposit rate that covered those entries.  On these facts, the Federal Circuit affirmed a permanent injunction under § 1516a(c)(2) to prevent the liquidation of entries at an unlawful rate.  S*ee* 916 F.2d at 1577−78.  By the same authority, this court may issue preliminary relief to ensure Navneet's entries are

liquidated in accordance with a final judgment after remand. Furthermore, though the Government would limit *Asociacion* to situations where plaintiff invalidates a deposit rate from an investigation, the case should not be read so narrowly. *See* Gov't Resp. 13. *Asociacion* affirmed relief under § 1516a(c)(2), which permits injunctions not only for entries covered by decisions from investigations, but also for entries covered by decisions from reviews. *See* 19 U.S.C. § 1516a(c)(2) (stating court may enjoin liquidation of entries covered by determinations under § 1516a(a)(2), which includes reviews). Thus, although *Asociacion* considered granting injunctive relief only where "the original antidumping order [was] challenged in the court suit," 916 F.2d at 1577, the law also permits injunctions where plaintiff challenges and invalidates a deposit rate from a review. Navneet did just that here.

The Government also cites *Corus Staal BV v. United States*, 31 CIT 826, 493 F. Supp. 2d 1276 (2007), to prove that the court may not enjoin liquidation of entries from a given review period, unless plaintiff took part in the review covering that period. But this is not *Corus*'s holding. *Corus* concerned a plaintiff that sought to enjoin the liquidation of fifth-review-period entries at a deposit rate from the second review. *See id.* at 828−30, 839, 493 F. Supp. 2d at 1279−81, 1287−88. Apparently, the second-review deposit rate was never held unlawful in court, and plaintiff took no part in the fifth review. *See id.* Nonetheless, sometime during the fifth review, the antidumping order covering plaintiff's goods was revoked in a proceeding before Commerce. *Id.* at 829−30, 493 F. Supp. 2d at 1280−81. Plaintiff then tried to enjoin liquidation of its fifth-review-period entries at the second-review rate, invoking the court's residual jurisdiction under 28 U.S.C. § 1581(i). *Id.* at 835−36, 493 F. Supp. 2d at 1284−86. The court denied relief, finding it lacked jurisdiction under § 1581(i) when another provision, § 1581(c), was not "manifestly inadequate" to address plaintiff's claim. Had plaintiff wished to

enjoin liquidation, it should have "requested an administrative review" and contested the results under § 1581(c). *Id.* at 836, 493 F. Supp. 2d at 1285. *Corus*'s holding, in sum, is this: The court cannot grant injunctive relief under § 1581(i) when jurisdiction is available under § 1581(c).

Under this proper reading of *Corus*, Navneet prevails. Unlike the plaintiff in *Corus*, Navneet invoked the court's jurisdiction under § 1581(c) when it challenged the antidumping rate from the fifth review. The court retains its jurisdiction to ensure that entries from the latter part of the seventh review period are liquidated at a rate based in substantial evidence. *See Holmes*, 17 CIT at 356, 822 F. Supp. at 756.

**II.      Navneet Meets the Requirements to Secure a Preliminary Injunction**

Now that the question of jurisdiction is settled, the court decides whether injunctive "relief should be granted under the circumstances." 19 U.S.C. § 1516a(c)(2). To secure an injunction, Navneet "must show (1) that it will be immediately and irreparably injured [absent an injunction]; (2) that there is a likelihood of success on the merits; (3) that the public interest would be better served by the relief requested; and (4) that the balance of hardship on all the parties favors the petitioner." *Zenith Radio Corp. v. United States*, 710 F.2d 806, 809 (Fed. Cir. 1983). Navneet satisfies each of these criteria.

First, Navneet has shown that it will suffer irreparable harm if the court withholds an injunction. As explained above, if the court does not grant relief, Commerce will instruct CBP to liquidate the contested entries at the unlawful fifth-review rate. *See* 19 C.F.R. § 351.212(c). And once the entries are liquidated, the action cannot be undone, even by court order. 19 U.S.C. § 1516a(c)(1) generally requires entries to be liquidated in accordance with Commerce's instructions, but provides no framework for reliquidation of entries assessed "not in harmony" with a court decision. *See Agro Dutch Indus. Ltd. v. United States*, 589 F.3d 1187, 1190 (Fed.

Cir. 2009) ("[As] a general rule . . . , liquidation moots a party's claims pertaining to the liquidated entries.").[1]  Thus, were relief denied, the contested entries would fall subject to an unlawful rate that the court would be powerless to correct.  Navneet would lose the full benefit of judicial review and suffer irreparable harm.  *See Zenith*, 710 F.2d at 810 ("[A]brogation of effective judicial review [is] sufficient irreparable injury . . . .").

The Government and AASPS retort that Navneet will suffer no injury that was not "self-inflicted."  AASPS Resp. at 5.  Had Navneet remained in the seventh review, Commerce would have made a new rate to correct the unlawful one from the fifth review, and Navneet would sustain no harm.  *See id.*; Gov't Resp. 11.  But forcing Navneet to participate in a review—simply to avoid having its goods liquidated at an invalid rate—would be harmful too.  Reviews cost parties time and treasure, and in recognition of this fact, the statute permits Commerce to conduct reviews by request only.  *See* 19 U.S.C. § 1675(a)(1); *Asociacion*, 916 F.2d at 1576.  By withdrawing from the seventh review, Navneet avoided adding the expense of another proceeding to the sunk cost of its fifth-review litigation.  Navneet also signaled, through its withdrawal, that it would accept liquidation of the contested entries at a court-approved rate.  This was an efficient course of action, and Navneet's harm is no less grievous for the fact that it withdrew from the review to prevent waste.

Second, Navneet faces a high likelihood of success on the merits.  In a way, it has succeeded already.  In this case, the court held the fifth-review all-others rate was not based in substantial evidence.  *Navneet*, 38 CIT at __, 999 F. Supp. 2d at 1366.  The agency is now calculating a revised fifth-review rate, and if this rate is sustained at the end of the remand process, any entries covered by the rate will be liquidated "in accordance with the final court

---

[1] The general rule against reliquidation sports some exceptions, but none apply here.  *See Agro Dutch*, 589 F.3d at 1191−92 (permitting reliquidation if entries liquidated after injunction is issued, or if typographical error in injunction order allowed liquidation by accident).

decision in the action." 19 U.S.C. § 1516a(e). Of course, there is a chance the Federal Circuit will sustain the 11.01 percent rate if the Government appeals this court's final judgment. But this possibility does not preclude relief. The court has already held the fifth-review all-others rate to be unfounded in evidence, and this is enough to prove a likelihood of success for the purpose of securing a preliminary injunction.

Third, to grant the injunction would be in the public interest. No doubt it is contrary to the public interest to allow the liquidation of entries at a rate held invalid by this court. *See Laclede*, 20 CIT at 718, 928 F. Supp. at 1188 ("[T]here is a compelling public interest in having Commerce promptly comply with the judgments of the Court of International Trade . . . ."). And fourth, the injunction would cause little hardship to the defendant. Suspending liquidation may "inconvenience" the Government by delaying the final collection of revenue, but balanced against Navneet's hardship—the "loss of its right to judicial review"—the Government's burden fails to compare. *See Timken Co. v. United States*, 6 CIT 76, 81−82, 569 F. Supp. 65, 71 (1983).

Accordingly, a preliminary injunction is appropriate in this case.

**CONCLUSION**

Because the court has jurisdiction to grant injunctive relief, and because Navneet has made a showing that relief should be granted, the court issues a preliminary injunction enjoining the liquidation of Navneet's CLPP entries between April 15 and August 31, 2013, at the 11.01 percent all-others rate established in the *Final Results* of the fifth administrative review. A separate order will issue in accordance with these conclusions.

/s/ Richard W. Goldberg
Richard W. Goldberg
Senior Judge

Dated: October 6, 2014
New York, New York