# United States Court of Appeals for the Federal Circuit

2009-1127

AGRO DUTCH INDUSTRIES LIMITED,

Plaintiff,

v.

UNITED STATES,

Defendant-Appellant,

and

COALITION FOR FAIR PRESERVED MUSHROOM TRADE,

Defendant.


Richard P. Schroeder, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee. With him on the brief were Michael F. Hertz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director.

Appealed from: United States Court of International Trade

Senior Judge R. Kenton Musgrave

# United States Court of Appeals for the Federal Circuit

2009-1127

AGRO DUTCH INDUSTRIES LIMITED,

Plaintiff,

v.

UNITED STATES,

Defendant-Appellant,

and

COALITION FOR FAIR PRESERVED MUSHROOM TRADE,

Defendant.

Appeal from the United States Court of International Trade in case no.
02-00499, Senior Judge R. Kenton Musgrave.

_____

DECIDED:  December 15, 2009
_____

Before RADER, BRYSON, and LINN, <u>Circuit Judges</u>.

BRYSON, <u>Circuit Judge</u>.

The government appeals from a decision of the Court of International Trade
ordering the reliquidation of certain imported entries by plaintiff Agro Dutch Industries,
Ltd.  At issue is whether liquidation of the entries by Customs and Border Protection
after the court issued an injunction against liquidation but before the injunction took

effect rendered the case moot. The trial court held that the case was not moot, and we affirm.

I

On July 12, 2002, the Department of Commerce published the final results of its second administrative review of an antidumping duty order imposing duties on preserved mushrooms from India. 67 Fed. Reg. 46,172. Commerce assigned Agro Dutch, a foreign producer and exporter, an antidumping duty of 27.80 percent.

Agro Dutch sought review of Commerce's determination by filing an action in the Court of International Trade on July 19, 2002. On September 26, 2002, Agro Dutch moved for a preliminary injunction, pursuant to 19 U.S.C. § 1516a(c), to prevent liquidation of its covered entries during the pendency of the action. Although Agro Dutch's request occurred after the expiration of the 30-day deadline under Rule 56.2 of the Rules of the United States Court of International Trade, which provides that a party may file a motion to enjoin liquidation "within 30 days after service of the complaint, or at such later time, for good cause shown," the government nevertheless consented to Agro Dutch's request for an injunction.

On October 1, 2002, the trial court granted Agro Dutch's consent motion and issued an order enjoining liquidation. By its terms, the injunction was to become effective five days after service on particular Commerce and Customs officials.

According to the government, which requested the five-day delay in the effective date of the injunction, the purpose of the delay was to avoid "an inadvertent violation" of the injunction by "ensuring that the appropriate Government officials receive notice" and by "providing the Government with the time needed to keep the entries from being . . .

liquidated." Agro Dutch served the injunction on the pertinent government officials three days after it was issued.

Meanwhile, on August 23, 2002, Commerce had issued liquidation instructions to Customs based on the July 12 Final Results. On October 4, 2002, the same day on which Agro Dutch served the injunction on the appropriate government officials, Customs acted on those instructions and liquidated nearly all of Agro Dutch's entries.

After extensive additional proceedings that are not relevant here, the trial court remanded the matter to Commerce for a redetermination of Agro Dutch's antidumping duty margin. Commerce then issued a redetermination that lowered Agro's antidumping duty rate from 27.80 percent to 1.54 percent. The trial court sustained that duty rate. Agro Dutch then moved to amend the judgment, requesting reliquidation of the previously liquidated entries at the reduced rate of 1.54 percent.

The trial court granted the motion in part, ordering that the effective date of the injunction be amended to the date the injunction was issued, October 1, 2002, and directing that the relevant entries be reliquidated at the lower duty rate. Agro Dutch Indus. Ltd. v. United States, No. 02-499, slip op. at 8 (Ct. Int'l Trade Oct. 17, 2008). The court rejected the argument that this court's decisions in SKF USA, Inc. v. United States, 512 F.3d 1326 (Fed. Cir. 2008), and Zenith Radio Corp. v. United States, 710 F.2d 806 (Fed. Cir. 1983), barred the reliquidation of the entries on the ground that the liquidation rendered the action before the court moot.

The trial court noted that, unlike in SKF, the court entered its injunction before the subject entries were liquidated. Moreover, the court observed that the liquidation of Agro Dutch's entries occurred as a result of "what might best be charitably described as

'inadvertence'" and that the parties had intended that liquidation would be enjoined during the pendency of the court action. The court therefore reasoned that backdating the injunction would "comport with the parties' intention." The court added that not granting relief would result in "manifest injustice" to the non-party importer of record, which was likely to be rendered insolvent unless the entries were reliquidated at the proper, lower duty rate.

II

On appeal, the government argues that the trial court lacked jurisdiction to entertain Agro Dutch's challenge regarding the entries that were liquidated prior to the effective date of the injunction. Relying principally on the Zenith case, the government argues that the October 4 liquidations rendered Agro Dutch's claims moot, and that the trial court was powerless to order reliquidation or to amend the injunction nunc pro tunc.

In Zenith, the trial court refused to issue a preliminary injunction to prevent liquidation, on the ground that the movant had not established a likelihood of irreparable injury. We reversed. Under the statutory scheme that governs judicial review of Commerce's annual review determinations, we held that challenged entries must be liquidated at the disputed duty rate unless liquidation is enjoined. 710 F.2d at 810 (discussing 19 U.S.C. §§ 1516a(c) and 1516a(e)). From the absence of any statutory provision allowing subsequent reliquidation if a challenge is successful, we inferred that "[o]nce liquidation occurs, a subsequent decision by the trial court on the merits of [a] challenge can have no effect on the dumping duties assessed." Id. We therefore concluded that the movant had established a likelihood of irreparable injury because

liquidation would eliminate its only available remedy: the reassessment of dumping duties in accordance with a corrected duty rate. Id. at 810, 812.

Subsequent case law has interpreted Zenith to establish a general rule that, at least in the context of judicial review under 19 U.S.C. § 1516a, liquidation moots a party's claims pertaining to the liquidated entries. See, e.g., SKF, 512 F.3d at 1329 ("The Zenith rule renders a court action moot once liquidation occurs."); Yancheng Baolong Biochemical Prods. Co. v. United States, 406 F.3d 1377, 1381 (Fed. Cir. 2005) ("As this court held in [Zenith], if there is no injunction, liquidation is automatic under 19 U.S.C. § 1516a(e) and § 1516a(c)(1), and any decision on the merits of a liquidation challenge after liquidation has taken place is without effect."); Cambridge Lee Indus., Inc. v. United States, 916 F.2d 1578, 1579 (Fed. Cir. 1990) ("Once an entry has been liquidated, the duties paid cannot be recovered even if the payor subsequently prevails in its challenge to the antidumping order.").

In SKF, we vacated a judgment affirming a redetermination of antidumping duties, where the covered entries had been deemed liquidated by operation of law prior to the redetermination. 512 F.3d at 1328, 1332. In that case, the government had consented to the importer's request for an injunction preventing liquidation during the pendency of the action in the trial court. Id. at 1328. However, before the trial court issued the injunction, the importer's entries became subject to 19 U.S.C. § 1504(d), which provides that if Customs has not liquidated an entry within six months of receiving notification that Commerce has completed its annual review, any unliquidated entries will be "treated as having been liquidated" at the amount of duty deposited by the importer at the time of import. 512 F.3d at 1329. We held that under the Zenith rule the

deemed liquidation rendered the importer's claims moot in the absence of an injunction. Id. Although the trial court ultimately granted an injunction several months after the deemed liquidation, we concluded that "[t]o allow backdating of an injunction on liquidation that the court granted after the covered entries were liquidated would undermine the rule of Zenith." Id. at 1332.

The government relies on SKF to argue that the trial court violated the rule of Zenith when it backdated Agro Dutch's injunction to eliminate the five-day period before the injunction went into effect. In SKF, however, we emphasized the complete absence of an issued injunction, as the trial court had failed to "decide whether it [would] exercise its equitable power to grant relief" before the liquidation occurred. Id. In the present case, the trial court considered Agro Dutch's motion, determined that relief should be granted, and issued a valid injunction—all before liquidation occurred. Moreover, unlike the deemed liquidation in SKF, Customs affirmatively liquidated Agro Dutch's entries, despite the government's awareness of the injunction.

While the Zenith rule ordinarily renders moot court actions in which liquidation has already occurred, we have acknowledged that there are exceptions to that general rule.[1] For example, mootness does not occur when steps are required to enforce a

---

[1]    We have recognized several situations in which the Zenith rule does not deprive the trial court of jurisdiction to address the merits of an antidumping duty determination. See Shinyei Corp. of Am. v. United States, 524 F.3d 1274 (Fed. Cir. 2008) (entries that were deemed liquidated by operation of law may be reliquidated in action brought under the Administrative Procedure Act ("APA") to challenge Commerce's liquidation instructions); Gerdau Ameristeel Corp. v. United States, 519 F.3d 1336, 1343 (Fed. Cir. 2008) (liquidation did not moot challenge to dumping margins because of an issue having ongoing legal consequences relating to the possible revocation of the underlying antidumping order); Shinyei Corp. of Am. v. United States, 355 F.3d 1297 (Fed. Cir. 2004) (an APA action challenging Commerce's

valid injunction. See Yancheng, 406 F.3d at 1377, 1381-82 (Fed. Cir. 2005) (upholding the trial court's contempt ruling against the government when liquidation violated an injunction that remained in effect through appeal); Shinyei, 355 F.3d at 1312 (declining "to find that the statute [imposing finality upon liquidations] as a whole was intended to preclude judicial enforcement of court orders after liquidation"). The government does not suggest that the Zenith rule would moot Agro Dutch's claim if the liquidation had taken place after the injunction became effective. Moreover, like the Court of International Trade, we believe that when liquidation violates an injunction, not only does the trial court retain jurisdiction, but a broad array of remedies (including reliquidation) is available to the court to rectify the unlawful liquidation. See Allegheny Bradford Corp. v. United States, 342 F. Supp. 2d 1162, 1171 (Ct. Int'l Trade 2004) (ordering refund of monies exacted pursuant to the enjoined liquidation in order to purge contempt and ordering reliquidation upon a final decision on the underlying action); AK Steel Corp. v. United States, 281 F. Supp. 2d 1318, 1323 (Ct. Int'l Trade 2003) (ordering that the matter be returned to the status quo ante and declaring liquidations null and void ab initio, where entries were liquidated through an illegal act of Customs in violation of a preliminary injunction); LG Elecs. U.S.A., Inc. v. United States, 991 F. Supp. 668, 675 (Ct. Int'l Trade 1997) (finding that liquidations in violation of a valid preliminary injunction had no legal effect and ordering reliquidation in accordance with Commerce's instructions and the court's rulings).

_____

liquidation instructions is not rendered moot by liquidation). Moreover, while acknowledging that this court has consistently applied the Zenith rule in the context of judicial review under 19 U.S.C. § 1516a, we have also noted that "the rule's effect may run counter to a congressional intent to facilitate judicial review of Commerce determinations." SKF, 512 F.3d at 1329.

The Zenith rule would also not apply if liquidation occurred because of a clerical or typographical error in the injunctive order that was contrary to the purpose of the injunction and the parties' intent. Courts enjoy broad discretion to correct clerical errors in previously issued orders in order to conform the record to the intentions of the court and the parties. See R. Ct. Int'l Trade 60(a); Fed. R. Civ. P. 60(a) ("The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record . . . on motion or on its own, with or without notice."); see also Robert Lewis Rosen Assocs., Ltd. v. Webb, 473 F.3d 498, 504-05 & n.11 (2d Cir. 2007) (trial court properly corrected an omission from a judgment to conform with the court's original intent); Robi v. Five Platters, Inc., 918 F.2d 1439, 1445-46 (9th Cir. 1990) (district court did not abuse its discretion by amending the judgment to clarify its original intention to cancel certain trademarks); Pattiz v. Schwartz, 386 F.2d 300 (8th Cir. 1968) (where the intent of the parties was to apply a stipulation to an amended complaint rather than the original complaint, trial court had authority to issue an order that would reflect the intent of the parties and the court).

As a general matter, a court of equity may exercise its sound discretion to modify an injunctive order when modification is necessary to achieve the order's intended purpose and does not otherwise result in prejudice to a party. See United States v. United Shoe Mach. Corp., 391 U.S. 244, 252 (1968) (if the district court's injunctive decree did not accomplish its intended goals, "the [d]istrict [c]ourt should modify the decree so as to achieve the required result with all appropriate expedition"); see also Regal Knitwear Co. v. NLRB, 324 U.S. 9, 15 (1945). The trial court's discretion is not limited to the correction of clerical or typographical errors but encompasses the

correction of errors needed to comport the order with the original understandings and intent of the court and the parties.

As the trial court found, it was the purpose of the injunction and the understanding and intent of all the parties to suspend liquidation pending a decision on the merits of Agro Dutch's challenge. As issued by the trial court on October 1, 2002, the injunction contained a grace period delaying the effective date of the injunction until five days after it was served on the appropriate government officials.[2] However, the five-day window was apparently added only to ensure against subjecting Customs officials to contempt sanctions for an inadvertent liquidation. It was not intended to give the government free rein to liquidate the subject entries before the injunction took effect. As counsel for the government conceded at oral argument, the five-day window was not intended to allow the government to "rush in" to liquidate the relevant entries and thereby avoid the effect of the injunction. Thus, as the government has acknowledged and the trial court has found, the five-day grace period was not intended to allow the government an opportunity to effect liquidation if it moved quickly.

Pointing to Agro Dutch's delay of more than 30 days after service of the complaint before seeking an injunction, the government argues that if Agro Dutch had

---

[2]     Even if the appropriate government officials had been served on October 1, the injunction would not have taken effect until October 8, after the liquidation of Agro Dutch's entries took place on October 4. Therefore, the fact that it took Agro Dutch three days to serve the injunction is irrelevant to our reasoning, which focuses upon the effect of Customs' act of liquidating the entries during the five-day period between the injunction's issuance and its effective date.

acted more promptly, it could have prevented the case from becoming moot.[3] That assertion is belied, however, by the fact that the government consented to the injunction even though Agro Dutch had delayed in seeking it. Moreover, counsel for the government maintained at oral argument that liquidation during the five-day window would have deprived the trial court of jurisdiction even if Agro Dutch had filed its request for an injunction within the 30-day period after serving the complaint. Thus, the government is not relying upon Agro Dutch's lack of timeliness as a basis for its legal position that liquidation prior to the effective date of the injunction renders moot any challenge with respect to the liquidated entries.

We agree with the trial court that there is no reason to upset the court's and the parties' clear intentions by applying the rule of Zenith to this case. By amending the effective date of the injunction and ordering reliquidation, the trial court gave full effect to the purposes underlying both the injunction and the five-day window provision. Under the court's final order, Agro Dutch's claim would proceed on the merits, and no contempt proceedings would be instituted against government officials for the inadvertent liquidation.

The government argues that upholding the trial court's decision would create uncertainty regarding the finality of antidumping duties imposed by the government. We have observed that the rule of Zenith is designed to promote finality for antidumping

---

[3] The government asserts that if Agro Dutch had not waited past the 30-day deadline Commerce would not have issued the liquidation instructions that were ultimately implemented during the window prior to the injunction's effective date. However, this argument is undermined by the government's acknowledgement, in oral argument, that Commerce is not required to delay issuing liquidation instructions upon the filing of a timely motion for a preliminary injunction.

duties and related liquidations.  As noted by this court in SKF, liquidation is "designed to close the books on an importer's entries" and reflects a "decision that an importer's liability has been finalized."  512 F.3d at 1329.

While finality is an important goal, the interest in finality must give way in the face of a more compelling interest in this case: namely, effecting the intent of the parties and the court to prevent a premature liquidation while judicial review is ongoing.  Granting relief in this case is unlikely to give rise to any real uncertainty because the parties specifically contemplated that Agro Dutch's challenge to the Final Results would go forward.  No valid interest in finality is served by foreclosing judicial review in a case such as this one, where the parties and trial court agreed that finality was not warranted, and where an injunction was entered for the very purpose of preventing the antidumping duty from becoming final.

While the government argues that affirming the trial court's decision will "turn[] what generally is a relatively cooperative endeavor into an adversarial one," we think the opposite is the case.  The endeavor would be more likely to become adversarial if we were to allow liquidation during the five-day notice period to render moot a challenge to the antidumping duty determination, in contravention of the parties' express intent. Foreign importers are far more likely to trust and cooperate with the government if they can be confident that grace periods in issued injunctions cannot be exploited.  Under the result urged by the government, in which liquidation occurring during the period after issuance and before the effective date of an injunction would be unchallengeable, it seems unlikely that any party challenging an antidumping duty in the future would agree to the government's request for a postponement of the effective date of the injunction.

For the foregoing reasons, we hold that the trial court did not abuse its discretion in amending the judgment to effect the parties' intent to prevent liquidation and allow adjudication of the merits of this dispute.

<u>AFFIRMED</u>.