**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-1791**

JERRY LEE RHODES; BONNIE M. COCHRAN,

    Plaintiffs – Appellants,

  v.

HARTFORD FIRE INSURANCE COMPANY,

    Defendant - Appellee.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph R. Goodwin, District Judge. (2:12-cv-07135)

Submitted: November 25, 2013   Decided: December 5, 2013

Before GREGORY, SHEDD, and WYNN, Circuit Judges.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

Scott S. Blass, BORDAS & BORDAS, PLLC, Wheeling, West Virginia, for Appellant. Archibald Wallace, III, Thomas J. Moran, WALLACEPLEDGER, PLLC, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerry Lee Rhodes and Bonnie Cochran (hereinafter "Appellants") filed suit in West Virginia state court against Hartford Fire Insurance Company (hereinafter "Hartford"), seeking statutory damages for bad faith and unfair settlement practices, as well as damages under Hayseeds, Inc. v. State Farm Fire & Cas., 352 S.E.2d 73 (W. Va. 1986), after having substantially prevailed on their claims against Hartford as surety to a mortgage broker bond. After Hartford removed the case to federal court pursuant to diversity jurisdiction, the district court granted Hartford's motion to dismiss the action for failure to state a claim. By a separate judgment order, the court indicated that the action was to be dismissed without prejudice. Hartford subsequently moved to correct clerical error in the judgment, pursuant to Fed. R. Civ. P. 60(a), arguing that the court's analysis revealed that it had intended to dismiss the action with prejudice. Over Appellants' objections, the court granted the requested relief. Appellants now seek to appeal the district court's order dismissing the action and its order granting Rule 60(a) relief. For the reasons that follow, we dismiss in part and affirm in part.

While not addressed by the parties, we are obliged to review our appellate jurisdiction sua sponte, Dickens v. Aetna Life Ins. Co., 677 F.3d 228, 229-30 (4th Cir. 2012), and having

2

done so, we conclude that we are without jurisdiction to review the court's judgment of dismissal.

Parties to a civil action are accorded thirty days after the entry of final judgment to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

"A district court's entry of a corrected judgment under Rule 60(a) is itself an appealable order, but the scope of the appeal is limited to the court's disposition of the Rule 60(a) motion and does not bring up for review the underlying judgment." Rivera v. PNS Stores, Inc., 647 F.3d 188, 201 n.55 (5th Cir. 2011) (internal quotation marks and alteration omitted)), cert. denied, 132 S. Ct. 1741 (2012). "The time for appeal from the underlying judgment correspondingly dates from the original rendition of judgment in the Rule 60(a) context . . . ." Int'l Controls Corp. v. Vesco, 556 F.2d 665, 670 (2d Cir. 1977).

If a party files a motion "for relief under [Fed. R. Civ. P.] 60 . . . no later than 28 days after the judgment is entered," "the time to file an appeal runs for all parties from the entry of the order disposing of" that motion. Fed. R. App.

3

P. 4(a)(4)(A)(vi). Even assuming a Rule 60(a) motion could toll the appeal period under this provision, we conclude that Appellants' appeal is untimely as to the underlying dismissal order. The district court entered its memorandum order on the docket on March 4, 2013, and its judgment order on March 5, 2013. Hartford's Rule 60(a) motion was not filed until April 29, 2013, outside the twenty-eight day period for a Rule 60 motion that would toll the appeal period. The notice of appeal was filed on June 19, 2013, well outside the thirty-day appeal period. Therefore, because Appellants failed to file a timely notice of appeal from the dismissal and judgment orders, or to obtain an extension or reopening of the appeal period from these orders, we dismiss the appeal insofar as it challenges the underlying judgment dismissing Appellants' action.

Turning to the appeal of the order granting Hartford's Rule 60(a) motion—from which Appellants' notice of appeal is timely—the parties dispute the appropriate standard of review; Hartford argues that the motion is reviewed for abuse of discretion, while Appellants assert that our review is de novo. We need not resolve this dispute, however, as even applying a de novo standard, we conclude that the district court was authorized to grant Rule 60(a) relief.

A district court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found

4

in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Rule 60(a) applies when "the court intended one thing but by merely clerical mistake or oversight did another." Dura-Wood Treating Co. v. Century Forest Indus., Inc., 694 F.2d 112, 114 (5th Cir. 1982); see also Kosnoski v. Howley, 33 F.3d 376, 379 (4th Cir. 1994) (recognizing that Rule 60(a) is appropriately used "to perform a completely ministerial task" such as "making a judgment more specific in the face of an original omission" but not to "revisit the merits of the question" or "reconsider[] the matter" (internal quotation marks omitted)). "The relevant test . . . is whether the change affects substantive rights of the parties and is therefore beyond the scope of Rule 60(a) or is instead a clerical error, a copying or computational mistake, which is correctable under the Rule." Pfizer Inc. v. Uprichard, 422 F.3d 124, 130 (3d Cir. 2005) (internal quotation marks and alteration omitted).

> The basic distinction between clerical mistakes and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of blunders in execution whereas the latter consists of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination.

In re Walter, 282 F.3d 434, 440 (6th Cir. 2002) (internal quotation marks omitted); see Rivera, 647 F.3d at 199 ("An

5

amendment to a judgment affects the substantive rights of the parties if it expands the scope or modifies the content of the court's adjudication."). Thus, "Rule 60(a) does not provide for the correction of the deliberate choice of the district judge, even where that deliberate choice is based on a mistake of law." Rivera, 647 F.3d at 195-96 (internal quotation marks and footnote omitted). However, "Rule 60(a) authorizes a district court to modify a judgment so that the judgment reflects the necessary implications of the court's decision," even if they were not expressly stated. Id. at 194-95 (internal quotation marks omitted). The district court's intent may be ascertained through consideration of contemporaneous documents, such as a memorandum opinion or transcript, and by the presiding judge's own subsequent statements regarding his intent. Id., at 196-97; In re Jee, 799 F.2d 532, 535 (9th Cir. 1986).

We conclude that the court did not exceed its authority in granting relief under Rule 60(a) to change the dismissal to one with prejudice. While Appellants correctly note that the court referred to the Ashcroft v. Iqbal, 556 U.S. 662 (2009), pleading standard when dismissing their claims, this statement is not dispositive. Contrary to Appellants' assertions, the court's analysis did not contemplate that amendment would permit Appellants to plead cognizable claims. Rather, the court clearly based its dismissal on its conclusion

that the surety bond did not establish the requisite contractual relationship between Hartford and Appellants to support first-party claimant status. Moreover, in its Rule 60(a) order, the court specifically stated that the dismissal was a clerical mistake. In the absence of record evidence to the contrary, we find no basis to discredit this explanation. See Rivera, 647 F.3d at 196-97. Because dismissal of the complaint without prejudice is logically inconsistent with the court's rationale, we conclude that the court's dismissal order implicitly dismissed the case with prejudice, and the judgment order designating a dismissal without prejudice was merely a clerical error.

Appellants cite to several cases for the proposition that changing a dismissal from "without prejudice" to "with prejudice" works a substantive change inappropriate under Rule 60(a). But we find these cases distinguishable. Despite the fact that the parties' understanding of their rights and obligations arising from the original dismissal may have been changed by the order granting Rule 60(a) correction, the order effected no actual substantive change to the parties' rights that was not contemplated by the original memorandum order. See id. at 199 ("Where the record makes it clear that an issue was actually litigated and decided but was incorrectly recorded in . . . the judgment, the district court can correct the judgment

7

under Rule 60(a), even where doing so materially changes the parties' positions and leaves one party to the judgment in a less advantageous position."). Because the correction was clerical in nature, we conclude that the district court had authority under Rule 60(a) to alter its judgment order to reflect a dismissal with prejudice.

Accordingly, we dismiss the appeal in part, insofar as it challenges the court's underlying dismissal of Appellants' claims. We affirm in part, insofar as the appeal seeks review of the order granting Rule 60(a) relief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED IN PART</u>;
<u>AFFIRMED IN PART</u>