**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 21-1786**

———————————

HAZEL LEE NOWELL,

Plaintiff - Appellant,

v.

ACEPEX MANAGEMENT CORPORATION,

Defendant - Appellee.

———————————

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, District Judge.  (2:19-cv-01630-DCN)

———————————

Submitted:  September 30, 2022                          Decided:  October 13, 2022

———————————

Before KING and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:**  J. David Murrell, JOHN PRICE LAW FIRM, North Charleston, South Carolina, for Appellant.  Roopal S. Ruparelia, HAYNSWORTH SINKLER BOYD, P.A., Columbia, South Carolina; Sarah P. Spruill, HAYNSWORTH SINKLER BOYD, P.A., Greenville, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hazel Lee Nowell appeals the district court's order denying her Fed. R. Civ. P. 59(e)[*] and 60(a), (b)(6) motion to alter or amend the court's prior judgment dismissing her amended civil action as untimely. We have reviewed the record and conclude that the district court did not abuse its discretion in denying the motion. *See United States v. Welsh*, 879 F.3d 530, 533 (4th Cir. 2018) (stating standard of review for denial of Rule 60(b)(6) motion); *Sartin v. McNair Law Firm PA*, 756 F.3d 259, 265 (4th Cir. 2014) (stating standard of review for denial of Rule 60(a) motion); *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (stating standard of review for denial of Rule 59(e) motion). The district court's determinations that Nowell's claim against Acepex Management Corporation in the amended complaint did not satisfy Fed. R. Civ. P. 15(c)(1)(C) such that it related back to the filing of Nowell's initial complaint and that the applicable three-year statute of limitations was equitably tolled only from March 2, 2017, to June 6, 2019, were not "dead wrong" such that alteration or amendment was justified under Rule 59(e). *See TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009). Nowell, further, did not establish entitlement to relief under Rule 60(a), *see Sartin*, 756 F.3d at 265-67, or Rule 60(b)(6), *see Welsh*, 879 F.3d at 533.

Accordingly, we affirm the district court's order on these bases. *Nowell v. Acepex Mgmt. Corp.*, No. 2:19-cv-01630-DCN (D.S.C. June 17, 2021). We dispense with oral

---

[*] Nowell's motion also invoked Fed. R. Civ. P. 52(b), but we treat the request for relief under this Rule as seeking alteration or amendment under Fed. R. Civ. P. 59(e). *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997).

2

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*