**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-1209**

---

KIRIL ZAHARIEV

        Plaintiff - Appellant,

    v.

HARTFORD LIFE & ACCIDENT INSURANCE COMPANY,

        Defendant - Appellee.

---

Appeal from the United States District Court for the District of South Carolina, at Beaufort. Richard Mark Gergel, District Judge.  (9:20-cv-01072-RMG)

---

Submitted:  November 29, 2022               Decided:  February 3, 2023

---

Before WYNN and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Kiril Zahariev, Appellant Pro Se. Nikole M. Crow, Atlanta, Georgia, Lewis Gregory Cook Horton, WOMBLE BOND DICKINSON (US) LLP, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kiril Zahariev appeals from the district court's order overruling his objections to the magistrate judge's report and recommendation and denying his Fed. R. Civ. P. 60(b) motion to reopen his settled case, and the district court's order denying Zahariev's motion to disqualify the district court judge. Because Zahariev's claims of error were known to him at the time he settled his case, we find that the district court did not abuse its discretion in denying Zahariev's motion to reopen. In addition, the record in this case does not show the alleged judicial bias. Accordingly, we affirm.

Zahariev filed an action in district court seeking to recover unpaid long-term disability benefits under a group policy issued by Hartford Life and Accident Insurance Company ("Hartford") pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461. Several months after the complaint was filed, the magistrate judge appointed a mediator who successfully assisted the parties in reaching a settlement in October 2020. "[H]aving been advised by counsel for the parties that the . . . action ha[d] been settled," the district court entered an order dismissing the action without prejudice. The parties were informed that, if the settlement was not consummated, either party could move, within 60 days, to "reopen this action and restore it to the calendar" under Fed. R. Civ. P. 60(b). The court explicitly retained the jurisdiction to enforce the settlement. (E.R. 678). On October 24, 2020, Zahariev cashed his settlement check; on October 28, the parties filed a joint stipulation of dismissal with prejudice pursuant to Fed. R. Civ. P. 41.

2

In February 2021, Zahariev moved to reopen the case and set aside the judgment pursuant to Fed. R. Civ. P. 60(b)(1), (3), (6), arguing that the case should be reopened based on the mediator's misconduct that led Zahariev to accept an unfavorable settlement. In his reply to Hartford's response to his motion, Zahariev argued, for the first time, that he was entitled to relief under Rule 60(b)(3) because Hartford submitted fraudulent responses during discovery that materially affected the mediation process. Specifically, he asserted that Hartford's supplemental discovery responses included items "inadvertently" left out of its initial responses and falsely stated that "[t]here are no written performance evaluations of the vendors." (E.R. 733).

The magistrate judge recommended denying Zahariev's Rule 60(b) motion as untimely or, alternatively, on the merits. Zahariev timely filed specific objections to several findings from the report and recommendation, including the magistrate judge's analysis of Zahariev's discovery fraud claim. The district court adopted the magistrate judge's report and recommendation and denied Zahariev's motion to reopen, without specifically addressing the discovery fraud issue.

Zahariev timely appealed. On appeal, we ruled that the district court erroneously failed to consider the discovery fraud issue. Accordingly, we vacated and remanded so that the district court could consider Zahariev's objections regarding this issue. *Zahariev v. Hartford Life & Accident Ins. Co.*, 2022 WL 260057 (4th Cir. Jan. 27, 2022) (No. 21-1426). On remand, the district court entered a supplemental order addressing and overruling Zahariev's discovery fraud objections. Zahariev again appealed.

3

Rule 60(b) permits a district court to relieve a party from an order on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). A remedy under Rule 60(b) "is extraordinary and is only to be invoked upon a showing of exceptional circumstances." *United States v. Welsh,* 879 F.3d 530, 536 (4th Cir. 2018) (internal quotation marks omitted). Moreover, a decision not to reinstate a settled case under Rule 60(b) has been described as "discretion piled on discretion." *See McCormick v. Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (internal quotation marks omitted). Therefore, a district court's decision not to reinstate should stand absent "substantial danger that dismissal of plaintiff's claims was fundamentally unjust." *Id.*

To prevail on a Rule 60(b)(3) motion (fraud on the court by a party), the movant must (1) show that he has a meritorious claim or defense, (2) establish the alleged misconduct by clear and convincing evidence, and (3) demonstrate that the misconduct prevented him from fully presenting his case. *Schultz v. Butcher*, 24 F.3d 626, 630 (4th Cir. 1994). "After proof of these elements, the court must balance the competing policies favoring the finality of judgments and justice being done in view of all the facts, to determine within its discretion, whether relief is appropriate in each case." *Id.* (internal quotation marks omitted).

Here, the district court offered Zahariev 60 days to move to reopen his case if he chose not to consummate the settlement agreement. Rather than moving to reopen the case, Zahariev, with knowledge of both the mediator's alleged improper behavior and Hartford's alleged discovery fraud, chose to cash his settlement check and sign a joint order of

4

dismissal with prejudice. He then waited over three months after the stipulated dismissal of his suit and over a month after the expiration of the 60-day period before filing the instant Rule 60(b) motion.

We note that Zahariev argues that he proceeded with the settlement and dismissal "based in large part on incomplete and false responses provided by Hartford during the discovery stage." (E.R. 870.) The discovery disputes involved Zahariev's attempt to obtain information regarding the compensation of Hartford's medical consultants and vendors involved in Zahariev's case. Zahariev alleges that he was served with supplemental responses on October 14, 2020, the night before mediation began. Zahariev asserts that he was unable to review the responses in time to be prepared for mediation. However, Zahariev provides no reason why he could not have reviewed the documents within the 60-day period provided by the district court, and why, instead, he settled the case and cashed his settlement check.

Similarly, Zahariev was well aware of the alleged improper actions of the mediator at the time of the settlement. Zahariev specifically asserts that he was forced to settle given the mediator's threat that, if he did not, Hartford would continue to investigate his disability and conduct further intrusive surveillance. Presumably, Zahariev is contending that the mediator was influencing Hartford to conduct more surveillance. Even if true, Zahariev does not explain why the threat of further surveillance caused him to settle prematurely but did not deter him from filing to reopen his case. Moreover, Zahariev does not assert that the mediator's statement was untrue; instead, he appears to argue the opposite—that is, that Hartford had improperly surveilled him in the past and would likely do it again. In short,

5

Zahariev's arguments regarding the mediator's threats or statements about possible surveillance are conflicting and unconvincing, and in any event, Zahariev does not explain why he could not have raised this claim (and his other mediator-related claims) during the 60-day window proffered by the district court.

Given that Zahariev was, or should have been, aware of the alleged discovery and mediator abuse at the time he settled his case, he has failed to show extraordinary or exceptional circumstances meriting Rule 60(b) relief. Moreover, even if we believed that extraordinary or exceptional circumstances exist, the district court did not abuse its discretion in finding to the contrary. *See Welsh,* 879 F.3d at 536 (showing an abuse of discretion is a "heavy" burden); *see Pagan v. American Airlines, Inc*, 534 F.2d 990, 993 (1st Cir. 1976) (finding no abuse of discretion where district court denied Rule 60(b) motion to set aside settlement because Appellant did not move to reinstate within the 60-day period provided by the court). Given the great deference due to the district court and the high bar to reopen a settled case, we affirm the district court's order denying Zahariev's Rule 60(b) motion.

Turning to Zahariev's judicial bias claim, it is well settled that, "[u]nder 28 U.S.C. § 455(a), all 'judge[s] of the United States' have a general duty to 'disqualify [themselves] in any proceeding in which [their] impartiality might reasonably be questioned.'" *Belue v. Leventhal*, 640 F.3d 567, 572 (4th Cir. 2011) (quoting 28 U.S.C. § 455(a)). The relevant code provision further provides specific "situations requiring recusal, one of which is where a judge 'has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.'" *Id.* (quoting 28 U.S.C.

6

§ 455(b)(1)).  But the Supreme Court has explained that "both § 455(a) and § 455(b)(1) carry an 'extrajudicial source' limitation, under which bias or prejudice must, as a general matter, stem from 'a source outside the judicial proceeding at hand' in order to disqualify a judge."  *Id.* (quoting *Liteky v. United States*, 510 U.S. 540, 545, 554 (1994)) (other citations omitted).

Zahariev's claim of judicial bias does not have such an "extrajudicial source" from which it stems.  Instead, Zahariev bases his argument in this court on the district court's rejection of his claims, failure to consider all of his assertions, and error in failing to conduct de novo review.  It is well established that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," *Liteky*, 510 U.S. at 555, and the record in this case does not reveal any support for the claimed judicial bias.  Accordingly, Zahariev's judicial bias claim lacks merit.

Accordingly, we affirm the district court's orders denying Rule 60(b) relief and denying Zahariev's motion to disqualify.  We grant Hartford's motion to seal and deny Zahariev's motions to supplement and to file a sur-reply.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the district court and argument would not aid the decisional process.

*AFFIRMED*